UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Judith Bean v. Walmart Inc. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) – DEFENDANT'S ADMINISTRATIVE MOTION PURSUANT TO FED. R. CIV. PROC. 56(D) FOR ORDER TO EXTEND TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 32, filed November 21, 2025).

On November 20, 2025, plaintiff Judith Bean ("plaintiff") filed a motion for partial summary judgment in this action against defendant Walmart Inc. ("defendant"). Dkt. 30. On November 21, 2025, defendant filed a motion for an order to extend time to respond to plaintiff's motion for partial summary judgment. Dkt. 32. On November 25, 2025, plaintiff filed an opposition to defendant's motion for an order to extend time to respond to plaintiff's motion. Dkt. 33.

Defendant argues that it "requires additional time to prepare an opposition to Plaintiff's Motion because discovery in this case is not concluded, and Defendant has not yet taken Plaintiff's deposition, nor has Defendant had Plaintiff examined pursuant to Fed. R. Civ. Proc. 35." Dkt. 32 at 2. Defendant argues that such discovery is essential for defendant to demonstrate that there are triable issues of fact. Id. Defendant requests a sixty-day extension of the hearing date in order to complete discovery. Id.

In opposition, plaintiff argues that the Court should deny defendant's motion because: (1) defendant has failed to demonstrate any reasonable diligence in pursuing the discovery it claims as a basis for its motion; (2) defendant fails to show that essential facts to oppose plaintiff's motion for partial summary judgment were unavailable or impossible to obtain during the eight months of discovery period prior to plaintiff filing the motion for partial summary judgment; (3) discovery regarding the extent of plaintiff's injuries are not essential to the motion for partial summary judgment to determine defendant's liability; (4) defendant failed to comply with several local rules in bringing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | November 25, 2025 |
|---|---|---|---|
| Title | Judith Bean v. Walmart Inc. | | |

its motion; (5) granting defendant's motion would reward defendant's pattern of discovery delays; and (6) less disruptive options exist and were already offered by plaintiff to accommodate the Thanksgiving holiday. Dkt. 33 at 8-9.

The factual discovery cut-off date is February 9, 2026. Dkt. 16. The Court finds that summary judgment would be premature before defendants have had the opportunity to complete essential fact discovery within the discovery period. See Sernoffsky v. Novak, No. 23-CV-0039-MMA-MSB, 2023 WL 8439561, at *4 (S.D. Cal. Dec. 4, 2023) ("[T]he Court finds it would be inconsistent with the purpose of Rule 56 to allow Defendants to proceed with their motion until Plaintiffs have been afforded the opportunity to complete the discovery they were authorized to undertake."). "In addition, the Court should be able to decide any summary judgment motion on a more complete record." Ramsey v. Zhang, No. 20-CV-1076-AJB-RBB, 2021 WL 2012252, at *2 (S.D. Cal. May 20, 2021).

Accordingly, the Court **GRANTS** defendant's motion to extend time to respond to plaintiff's motion for partial summary judgment and **SETS** plaintiff's motion for partial summary judgment to be heard on Monday, February 23, 2026, at 10:00 A.M.[1]

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[1] Plaintiff argues that if defendant's motion is granted, plaintiff should be able, upon a showing of good cause, seek to modify the Scheduling Order. Dkt. 33 at 24. If appropriate, plaintiff may seek such modification.