UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Judith Bean v. Walmart Inc. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Jan Davis | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Antonio Kizzle                    Roger Backlar

**Proceedings:**    PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 30, filed November 20, 2025).

## I.    INTRODUCTION

On August 20, 2024, plaintiff Judith Bean ("plaintiff") filed this action against defendants Walmart Inc. ("Walmart") and Does 1-50 in Los Angeles County Superior Court. Dkt. 1-1 ("Compl."). On October 15, 2024, Walmart removed the case to this Court on the basis of diversity jurisdiction. Dkt. 1. On May 28, 2025, the Court granted plaintiff's motion for leave to file a first amended complaint. Dkt. 27. On June 4, 2025, plaintiff filed the operative, first amended complaint. Dkt. 28 ("FAC").

Plaintiff asserts two claims for relief: (1) negligence and (2) premises liability. Id. at 1.

On November 20, 2025, plaintiff filed the instant motion for partial summary judgment as to plaintiff's premises liability claim against Walmart, dkt. 30 ("Mot."), and a statement of uncontroverted facts and conclusions of law, dkt. 30-1 ("SUF").

On November 25, 2025, the Court granted Walmart's motion to extend time to respond to plaintiff's motion, setting the hearing on February 23, 2026. Dkt. 34.

On February 2, 2026, Walmart filed an opposition, dkt. 49 ("Opp."), a statement of genuine disputes, dkt. 49-6 at 2-26 ("SGD"), and a statement of additional undisputed material facts, dkt. 49-6 at 29-37 ("AUF").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | February 23, 2026 |
|----------|------------------------|------|-------------------|
| Title | Judith Bean v. Walmart Inc. | | |

On February 5, 2026, plaintiff filed a reply, dkt. 51 ("Reply"), a response to Walmart's SGD, dkt. 51-1 at 4-69 ("SGD Resp."), and a response to Walmart's AUF, dkt. 51-1 at 70-225 ("AUF Resp.").[1]

On February 23, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

The following facts are not meaningfully disputed and are set forth for purposes of background. Unless otherwise noted, the Court references only facts that are uncontroverted and to which evidentiary objections, if any, have been overruled.[2]

---

[1] Plaintiff concurrently moved to strike Walmart's opposition on the ground that Walmart's opposition failed to comply with L.R. 11-6.2 because it did not include a certificate of compliance with the word limit of L.R. 11-6.1, and plaintiff also moved to strike exhibits A and B to Walmart's opposition, dkt. 49-4, on the ground that each failed to comply with L.R. 11-5.2 and 11-5.3 because they are not numbered on the bottom of each page and do not contain the exhibit number on each page of the exhibit. Dkt. 51-2. Walmart subsequently filed a notice of errata on February 9, 2026, which provides a L.R. 11-6.2 Certificate of Compliance. Dkt. 53. Plaintiff filed an objection and motion to strike this notice of errata. Dkt. 54. The Court denies plaintiff's motions to strike. Plaintiff did not include declarations of compliance with L.R. 7-3's requirement to confer with opposing counsel prior to filing any motion. Moreover, Walmart promptly certified compliance with L.R. 11-6.2, and Walmart's alleged non-compliance with L.R. 11-5.2 and L.R. 11-5.3 does not prejudice plaintiff in any way. The Court admonishes both parties to comply with all local rules so as to avoid filing unnecessary motions.

[2] The parties assert numerous evidentiary objections to the other side's evidence. See dkt. 49-5, dkt. 51-4. "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198, 1200 (C.D. Cal. 2010). To the extent the Court relies on evidence to which there has been an objection, the Court has overruled the objection to that evidence. See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) (explaining that, at the summary judgment stage, courts may consider any evidence that could be presented in an admissible form at trial).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Judith Bean v. Walmart Inc. | | |

### A. The Subject Premises

On February 28, 2023, Walmart owned the subject premises consisting of its Walmart Burbank Supercenter Store ##5686 located at 1301 N Victory Pl, Burbank, CA 91502 (the "subject premises"). SUF ¶ 1. Walmart controlled the subject premises. Id. ¶ 2. Walmart occupied the subject premises on the date of the incident. Id. ¶ 3. Walmart was responsible for the use, management, supervision, operation, and maintenance of the subject premises. Id. ¶¶ 4-8. On February 28, 2023, plaintiff was lawfully shopping on the subject premises as Walmart's customer. SUF ¶ 9.

### B. Walmart's Training, Policies, and Prior Incidents with respect to Stackbases

According to Walmart, a partially empty "stackbase," sometimes called a pallet, can be a tripping hazard to customers, and a tripping hazard could possibly cause someone harm. SGD ¶¶ 22-23. Walmart's policies train its employees that partially empty stackbases are a tripping hazard for customers. SUF ¶ 20. Walmart trained its employees at the subject premises that a partially empty stackbase is a tripping hazard. Id. ¶ 21. Walmart trained its employees at the subject premises to promptly restock or remove partially empty stackbases to prevent customer trip and fall incidents. Id. ¶¶ 24, 27. Walmart's policies require its employees to promptly restock or remove partially empty stackbases. Id. ¶¶ 25, 28. Walmart customers have tripped and fallen over partially empty stackbases and pallets at the subject premises in eight separate instances within the five years prior to plaintiff's incident. Id. ¶ 32.

### C. Plaintiff's Fall (the "incident")

On February 28, 2023, there was a black/dark grey partially empty object called a "stackbase," which plaintiff originally believed to be called a "pallet," in the shopping aisle called "Action Alley" of the subject premises. Id. ¶ 14. Walmart was responsible for the placement, maintenance, supervision, use, and stocking and restocking of the stackbase. Id. ¶¶ 15-19. Walmart admits that its employees on the subject premises were responsible for maintaining the premises in a reasonably safe condition on the date of the incident. Id. ¶ 30. Walmart failed to restock or remove the partially empty stackbase where plaintiff tripped and fell before the incident. Id. ¶¶ 26, 29. Walmart provided no warnings about the partially empty stackbase before the incident. Id. ¶ 31. Walmart had actual notice of the partially empty stackbase before the incident occurred. SGD ¶ 33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Judith Bean v. Walmart Inc. | | |

Walmart knew of the condition/tripping hazard, the partially empty stackbase, that created the risk of harm before the incident.  SUF ¶ 34.  Walmart admits that through the exercise of reasonable care, it should have known about the partially empty stackbase prior to the incident.  Id. ¶ 35.  Walmart admits that its employees had constructive notice of the partially empty stackbase at least one hour before the subject incident occurred.  Id. ¶¶ 36-39.

Walmart admits that its assistant manager on duty at the subject premises, Mr. Ricardo Jimenez ("Jimenez"), had constructive notice of the partially empty stackbase before the incident occurred.  Id. ¶ 40.  Surveillance video shows Jimenez walking by and looking in the direction of the partially empty stackbase at 1:31:05 p.m. on the day of the incident.  Id. ¶ 41.  Between 12:58:15 p.m. and 1:56:12 p.m., surveillance footage shows that over a dozen Walmart employees walked by the partially empty stackbase without taking any action.  Id. ¶ 42.  Jimenez testified that, to his knowledge, no employee notified any other manager, coach, or supervisor about the stackbase before the incident.  SGD Resp. ¶ 44.

Walmart's guidelines for safety call upon Walmart associates and maintenance employees to look for partially empty stackbases and place safety cones on the unstocked corners of such stackbases.  SGD ¶¶ 45-46.  It would have taken approximately two to three minutes for an employee to locate and place a caution cone on the corner of the partially empty stackbase before the incident.  SUF ¶ 47.  However, there were no safety cones placed on either of the two unstocked corners of the subject stackbase prior to the incident.  Id. ¶ 48.

While shopping, plaintiff tripped and fell over the partially empty stackbase that Walmart owned, supervised, and controlled, as she attempted to cross the Action Alley at approximately 1:56:36 p.m.  Id. ¶¶ 49, 54-56.  The surveillance video shows plaintiff and her husband entered the larger aisle in the store known as Action Alley from an aisle perpendicular to Action Alley.  AUF ¶ 1.  Down the center of Action Alley, Walmart had placed merchandise for sale.  Id. ¶ 2.  On either side of the merchandise, there were open lanes large enough to allow two-way travel with shopping carts in each direction and allowing a store patron to travel to other areas of the store.  AUF Resp. ¶ 3.  Plaintiff entered Action Alley, followed by her husband, who was pulling a shopping cart behind him.  AUF ¶ 4.  The stackbase at issue was in Action Alley and to plaintiff's left.  Id. ¶ 5.  Half of the stackbase was covered with boxes filled with napkins, and individual packages of napkins had been placed on top of the boxes.  Id. ¶ 7.  Plaintiff was standing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Judith Bean v. Walmart Inc. | | |

next to the stackbase when she took a package of napkins and turned around to place them in the shopping cart. AUF Resp. ¶ 8. As she did so, a flat object, white in color, fell to the floor from the area where she took the package of napkins. AUF ¶ 9. While plaintiff placed the package of napkins in the shopping cart, her husband reached down to the floor immediately adjacent to the stackbase to pick up the flat object that fell. Id. ¶ 10. Plaintiff watched her husband and looked down at the floor. AUF Resp. ¶ 11. Plaintiff watched her husband as he put the sheet that fell back on top of the packages of napkins. Id. ¶ 12.

Plaintiff was 74 years old at the time of the incident. AUF ¶ 19. Plaintiff felt pain in both knees and the right side of her body when she tripped and fell. SUF ¶ 61. After plaintiff's trip and fall, she remained on the floor for several minutes to see how she felt and if a bone was broken. Id. ¶ 62. When plaintiff was asked if she needed medical help, plaintiff generally responded that she was "okay," which she stated to mean that she did not feel that an ambulance was necessary at this time due to not feeling any obviously broken bones. Id. ¶ 63. After several minutes, at approximately 2:26:05 p.m., plaintiff stood back up with assistance. Id. ¶ 64. Between 1:56:08 to 1:56:38 p.m. in the surveillance footage and prior to plainitff's trip and fall, she was not limping. Id. ¶ 65.

## III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Judith Bean v. Walmart Inc. | | |

bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.    DISCUSSION

Plaintiff moves for partial summary judgment as to the issue of Walmart's liability for plaintiff's premises liability claim. Mot. at 2. Plaintiff argues that the undisputed facts establish each of the elements necessary to prove Walmart's liability for plaintiff's premises liability claim and that there is no genuine dispute of material fact. Id. at 18-27.

In opposition, Walmart argues that plaintiff's motion for partial summary judgment must be denied because there are triable issues of fact regarding whether the stackbase was an open and obvious condition such that Walmart did not have a duty to warn of or remedy the condition and whether it was foreseeable that plaintiff would necessarily encounter the stackbase. Opp. at 6-7. Walmart also argues that there is an issue of fact regarding whether the incident caused plaintiff's alleged injuries. Id. at 9. Finally, Walmart also argues that there are facts yet to be discovered that preclude the Court from granting partial summary judgment. Id. at 12. Specifically, Walmart contends that an independent medical examination of plaintiff, scheduled to take place after the opposition was due, could provide evidence showing that plaintiff's injuries were not caused by the fall in Walmart's store but instead by a fall she suffered in her kitchen in December 2022. Id. Furthermore, at the time of filing its opposition, Walmart had not taken the depositions of plaintiff or her husband because neither could appear for previously scheduled depositions due to an unforeseen medical emergency. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Judith Bean v. Walmart Inc. | | |

In reply, plaintiff argues that there is no genuine issue of fact as to whether the stackbase was an obviously unsafe condition because the evidence shows that it was not. Reply at 22.  Alternatively, plaintiff contends that a triable issue of fact as to whether the stackbase was an obviously unsafe condition would not defeat summary judgment as to Walmart's liability for a failure to remedy the dangerous condition.  Id.  Plaintiff also argues that Walmart's asserted triable issues of fact as to the nature and extent of plaintiff's injuries conflate relevance to damages with relevance to liability.  Id. at 25. Plaintiff argues that the causation element of liability is satisfied by the undisputed fact that plaintiff suffered pain as a result of her fall due to the stackbase.  Id. at 26.  Plaintiff argues that the issue of causation is so clearly within the realm of ordinary experience that it does not create a triable issue of fact or require expert testimony.  Id.  Finally, plaintiff argues that Walmart's lack of reasonable diligence in conducting discovery cannot defeat summary judgment.  Id. at 13-14.

The essential factual elements of a claim of premises liability in California are: (1) that defendant owned, occupied, or otherwise controlled the property; (2) that defendant was negligent in the use or maintenance of the property; (3) that plaintiff was harmed; and (4) that defendant's negligence was a substantial factor in causing plaintiff's harm. See Judicial Council of California Civil Jury Instructions ("CACI") 1000. Premises Liability - Essential Factual Elements.

The parties do not dispute that Walmart owned the subject premises or that plaintiff was harmed on the subject premises.  See SUF ¶¶ 1, 61.  Instead, this motion turns on whether there is a triable issue of fact as to Walmart's negligence or as to whether Walmart's negligence was a substantial factor in causing plaintiff's harm.  "The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury."  Kesner v. Superior Ct., 1 Cal. 5th 1132, 1158 (2016) (citations omitted).

### A.  Breach of Duty of Care

For the reasons set forth below, the Court finds that there is a genuine issue of material fact as to whether the partially empty stackbase was an obviously unsafe condition such that Walmart did not have a duty to warn plaintiff.[3]  The Court also finds a

---

[3] At the hearing, plaintiff argued that Walmart has not submitted any admissible evidence to demonstrate that the stackbase was an obviously unsafe condition.  However,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | February 23, 2026 |
|---|---|---|---|
| Title | Judith Bean v. Walmart Inc. | | |

genuine issue of fact as to the foreseeability of injury caused by the partially empty stackbase, which is material to the question of whether Walmart had a duty to remedy the partially empty stackbase even if it was an obviously unsafe condition.

The parties agree that Walmart had a duty to exercise ordinary care in the management, maintenance, use, and supervision of the subject premises to avoid exposing customers, like plaintiff, to an unreasonable risk of harm.  See SUF ¶¶ 10-13. While the parties listed Walmart's duties of ordinary care as undisputed facts, see SUF ¶¶ 10-13, "the existence and scope of a duty [of care] are questions of law."  Staats v. Vintner's Golf Club, LLC, 25 Cal. App. 5th 826, 832 (2018) (citations omitted). Walmart had "a duty to maintain [its] premises in a reasonably safe condition.  Id. at 833 (citing Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1205 (2001)).  "If a dangerous condition exists that would have been discovered by the exercise of reasonable care," Walmart "has a duty to give adequate warning of or remedy it."  Vintner's Golf Club, 25 Cal. App. 5th at 833 (citations omitted).

The parties do not dispute that (1) Walmart knew of the partially empty stackbase on its premises before plaintiff's fall, SUF ¶ 34; (2) a partially empty stackbase can be a tripping hazard to customers, and a tripping hazard could possibly cause someone harm, id. ¶¶ 22, 23, (3) Walmart provided no warnings about the partially empty stackbase before plaintiff's fall, id. ¶ 31; and (4) Walmart failed to restock or remove the partially empty stackbase before plaintiff's fall, id. ¶¶ 26, 29.  According to plaintiff, these undisputed facts establish a breach of Walmart's duty of care owed to plaintiff.

### a. Triable Issue as to Obviously Unsafe Condition

However, the Court agrees with Walmart that there is a genuine issue of fact as to whether the partially empty stackbase at issue was an obviously unsafe condition.  Opp. at 6-7.  If the partially empty stackbase was an obviously unsafe condition, Walmart would have no duty to warn plaintiff of it.  See Krongos v. Pac. Gas & Elec. Co., 7 Cal. App. 4th 387, 393 (1992) ("Generally, if a danger is so obvious that a person could reasonably be expected to see it, the condition itself serves as a warning, and the landowner is under no further duty to remedy or warn of the condition.").

---

plaintiff's argument ignores the fact that the surveillance video footage, submitted by plaintiff at dkt. 30-2, provides sufficient evidence to create an issue of fact.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | February 23, 2026 |
|----------|------------------------|------|-------------------|
| Title | Judith Bean v. Walmart Inc. | | |

Plaintiff argues that the video and photographic evidence, as well as the declaration of plaintiff's premises liability expert, establish that the stackbase at issue was not an obviously unsafe condition. Reply at 21-22. But here, the Court cannot make such a factual determination as a matter of law. Viewing the evidence in the light most favorable to Walmart as the non-moving party, the Court finds that a jury could reasonably conclude that the partially empty stackbase at issue was an obviously unsafe condition such that it negated Walmart's duty to warn plaintiff of it.

### b. Triable Issue as to Foreseeability of Injury

Plaintiff argues that the obviously unsafe condition doctrine does not defeat summary judgment because even if the stackbase constituted an obviously unsafe condition, Walmart can still be liable for failure to remedy the unsafe condition. Reply at 22-23. Plaintiff argues that Walmart conceded the foreseeability of the danger of the partially empty stackbase, and therefore, Walmart owed and breached a duty to remedy the unsafe condition. Id. at 23-24.

Even if an unsafe condition is open and obvious, a landowner may still have a duty to remedy the condition "when it is foreseeable that, because of necessity or other circumstances, a person may choose to encounter the condition." Jacobs v. Coldwell Banker Residential Brokerage Co., 14 Cal. App. 5th 438, 447 (2017); see also Osborn v. Mission Ready Mix, 224 Cal. App. 3d 104, 122 (1990) ("Thus, although the obviousness of a danger may obviate the duty to *warn* of its existence, if it is *foreseeable* that the danger may cause injury despite the fact that it is obvious (for example, when necessity requires persons to encounter it), there may be a duty to *remedy* the danger, and the breach of that duty may in turn form the basis for liability, if the breach of duty was a proximate cause of any injury.").

The Court finds that the question of whether it was foreseeable that a customer would encounter the stackbase despite the fact that it may be an obviously unsafe condition presents another triable issue of fact. Walmart admits that a partially empty stackbase is a tripping hazard and that there had been eight instances of customers tripping and falling over partially empty stackbases at the subject premises prior to plaintiff's fall. SUF ¶¶ 22, 32. This evidence is persuasive but not conclusive of the foreseeability that the partially empty stackbase at issue may cause injury. At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587. Here, the Court finds that there is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | February 23, 2026 |
|----------|------------------------|------|-------------------|
| Title | Judith Bean v. Walmart Inc. | | |

genuine issue of material fact as to the foreseeability of injury from the partially empty stackbase that plaintiff tripped over, and a jury may reasonably conclude based on the video and photographic evidence that injury to a customer was not foreseeable. Accordingly, a jury must resolve this factual issue before the Court may reach the legal conclusion that Walmart owed a duty to remedy the partially empty stackbase.

### c.  Triable Issues Preclude Summary Judgment

Finally, plaintiff argues that the factual issue as to whether plaintiff should have avoided the partially empty stackbase because it was open and obvious goes to comparative negligence rather than to liability. Reply at 24. And because comparative negligence goes to damages and not liability, plaintiff argues that any factual issues as to the obviousness of the danger of the partially empty stackbase do not defeat summary judgment on Walmart's liability.

Plaintiff is correct that "[w]here the danger is so obvious that a person could reasonably be expected to see it, the plaintiff's failure to take precautions is regarded by many cases as contributory negligence." 6 Witkin, Summary of California Law, Torts, § 1267 (11th ed. 2025) (citing cases). The obviously unsafe condition doctrine has also been characterized as a form of assumption of risk, which is part of comparative negligence in California. See Donohue v. San Francisco Hous. Auth., 16 Cal. App. 4th 658, 665 (1993) (citing Beauchamp v. Los Gatos Golf Course, 273 Cal. App.2d 20, 77 (1969). Indeed, Walmart's potential arguments as to plaintiff's comparative negligence go to damages and are separate from the issue of liability.

However, the Court finds that the genuine issues of fact that relate to plaintiff's comparative negligence also go to whether Walmart owed plaintiff a duty of care in the first place. Factual findings that a condition was both obviously unsafe and that it was not foreseeable that the condition may cause injury despite its obviousness would require a legal conclusion that the defendant did not owe a duty to warn of or remedy the condition. See Osborn, 224 Cal. App. 3d at 122; 6 Witkin, Summary of California Law, Torts, § 1268 (11th ed. 2025) ("Under this analysis, the defendant is not negligent; i.e., he or she has not violated any duty of care.") (citing cases). Accordingly, here, the genuine issues of fact go to whether Walmart breached a duty of care and preclude granting summary judgment for plaintiff as to Walmart's liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08871-CAS-RAOx | Date | February 23, 2026 |
| Title | Judith Bean v. Walmart Inc. | | |

### B.    Causation

The parties do not dispute that plaintiff "tripped and fell over the partially empty stackbase," SUF ¶ 49, and that she "felt pain in both knees and the right side of her body when she tripped and fell," id. ¶ 61. Assuming *arguendo*, that plaintiff can prove that Walmart breached its duty of care to plaintiff by failing to warn of or remedy the partially empty stackbase, the Court finds that a triable issue of fact would not exist as to causation. The undisputed facts give rise to no other inference than that Walmart's failure to warn or remedy the partially empty stackbase was a substantial contributing factor in causing plaintiff's harm. The Court agrees with plaintiff that Walmart's medical expert testimony may call into question the nature and extent of plaintiff's injuries for the purpose of calculating damages, but it does not call into question the element of causation.

### C.    Incomplete Discovery

The Court need not consider Walmart's argument—or plaintiff's objection to the argument—that the Court should deny summary judgment on the ground that relevant evidence may yet be discovered.

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for partial summary judgment.

IT IS SO ORDERED.

|  | 00 | : | 17 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |