UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | April 13, 2026 |
|---|---|---|---|
| Title | Judith Bean v. Walmart Inc. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Robin Herrera | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Antonio Kizzie
Jon Steiner
Davida Frieman

Attorneys Present for Defendants:

Roger Backlar

**Proceedings:**     ZOOM HEARING RE: DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 58, filed February 19, 2026)

## I.    INTRODUCTION

On August 20, 2024, plaintiff Judith Bean ("plaintiff") filed this action against defendants Walmart Inc. ("Walmart") and Does 1-50 in Los Angeles County Superior Court. Dkt. 1-1 ("Compl."). On October 15, 2024, Walmart removed the case to this Court on the basis of diversity jurisdiction. Dkt. 1. On May 28, 2025, the Court granted plaintiff's motion for leave to file a first amended complaint. Dkt. 27. On June 4, 2025, plaintiff filed the operative, first amended complaint. Dkt. 28 ("FAC").

Plaintiff asserts two claims for relief: (1) negligence and (2) premises liability. Id. at 1.

On February 19, 2026, Walmart filed the instant motion for partial summary judgment as to punitive damages. Dkt. 58 ("Mot.").[1] On March 23, 2026, plaintiff filed

---

[1] In support of the instant motion, Walmart filed an appendix of evidence, dkt.64 ("Deft's Exs."); a statement of uncontroverted material facts, dkt. 65 ("SUF"); and a declaration of Andrea Breuer, dkt. 66 ("Breuer Decl.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | April 13, 2026 |
|---|---|---|---|
| Title | Judith Bean v. Walmart Inc. | | |

an opposition.  Dkt. 70 ("Opp.").[2]  On March 30, 2026, Walmart filed a reply.  Dkt. 71 ("Reply").[3]

On April 13, 2026, the Court held a hearing.  Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

The facts of this case are well-known to the parties and previously set forth in the Court's February 23, 2026 order on plaintiff's motion for partial summary judgment.  Dkt. 63 at 2-5.  Unless otherwise noted, the Court references only facts that are uncontroverted and to which evidentiary objections, if any, have been overruled.[4]

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

---

[2] Additionally, plaintiff filed a response to Walmart's statement of uncontroverted facts with plaintiff's statement of genuine disputes of material fact, dkt. 70-1 at 6-98 ("SGD"); a statement of additional uncontroverted facts and conclusions of law, dkt. 70-1 at 99-120 ("AUF"); and an index of exhibits, dkt. 70-2 ("Pltf's Exs.")

[3] Additionally, Walmart filed objections to plaintiff's evidence, dkt. 71-1 ("Obj.").

[4] The parties assert numerous evidentiary objections to the other side's evidence.  See SGD, Obj.  "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised."  Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198, 1200 (C.D. Cal. 2010).  To the extent the Court relies on evidence to which there has been an objection, the Court has overruled the objection to that evidence.  See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) (explaining that, at the summary judgment stage, courts may consider any evidence that could be presented in an admissible form at trial).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08871-CAS-RAOx | Date | April 13, 2026 |
| Title | Judith Bean v. Walmart Inc. | | |

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.   DISCUSSION

Walmart moves for partial summary judgment as to the claim by plaintiff for punitive damages. Mot. at 1. Walmart argues that plaintiff cannot recover punitive damages because: (1) plaintiff cannot show that Walmart acted intentionally to injure her or that Walmart engaged in "despicable conduct" with a willful and conscious disregard of the rights of others; (2) plaintiff cannot show that a managing agent for Walmart was involved in the incident or authorized or ratified the conduct of any employees who were allegedly; and (3) plaintiff's claim for punitive damages is null because her counsel did not obtain her permission to allege the claim. Id. at 2-3.

First, Walmart argues that there is no evidence that Walmart acted intentionally to injure plaintiff. Id. at 9. Walmart next argues that that plaintiff cannot show that Walmart engaged in "vile, base, or contemptible" conduct and that Walmart deliberately elected to avoid the known consequences of that conduct. Id. at 10. Walmart argues that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | April 13, 2026 |
|---|---|---|---|
| Title | Judith Bean v. Walmart Inc. | | |

the fact that a portion of the stack base was not restocked with merchandise, even for a period of one hour, does not reflect "vile," "base," or "contemptible" conduct. Id. (citing dictionary definitions of vile, base, and contemptible). Walmart argues that a failure to restock the portion of the stackbase instead constitutes, at best, a careless or neglectful act, resulting from inattention or distraction and not done with the requisite, anti-pathetic mind. Id. Walmart concludes that the facts support, at best, an award of compensatory damages. Id. at 10-11. Walmart argues that there is also no evidence to show that Walmart deliberately elected to allow the harm that plaintiff alleges by leaving the stackbase unstocked. Id. at 11.

Second, Walmart argues that plaintiff cannot recover punitive damages because there is no evidence to show a managing agent for Walmart was involved in the incident or that a managing agent authorized or ratified the conduct of any employees who were responsible for the incident. Id. at 16. Walmart argues that Ricardo Jimenez, who served as a food and consumables coach for Walmart at its Burbank store at the time of the incident, is not a managing agent because his duties did not involve setting the general principles guiding the entire corporation, let alone vest him with substantial discretionary authority over the general principles guiding the corporation or over significant aspects of Walmart's business. Id. at 17.

Third, Walmart argues that plaintiff's claim for punitive damages does not lie because it is evident that her counsel did not discuss it with her before he raised it. Id. at 17. Walmart argues that at plaintiff's deposition, plaintiff stated that she does not know what punitive damages are. Id. Walmart argues that this admission demonstrates that her counsel did not discuss a claim for punitive damages with her and in turn did not obtain her consent to allege one before he did so. Id. at 18. Walmart argues plaintiff's counsel was under an ethical duty to discuss the claim and its implications with her before raising it. Id. Walmart argues that because plaintiff allegedly did not authorize the claim for punitive damages, it is akin to a lawsuit she did not know about and therefore an effective nullity. Id. at 19-20.

In opposition, plaintiff argues that the record, viewed in the light most favorable to plaintiff, contains sufficient evidence of a triable issue of fact as to whether Walmart's conduct reflects a systemic, conscious disregard for customer safety and whether Walmart knowingly allowed a dangerous tripping hazard to persist in a customer walkway despite the foreseeable risk of injury. Opp. at 24. Plaintiff argues that the Court previously recognized that the foreseeability of plaintiff's injury from the partially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | April 13, 2026 |
|---|---|---|---|
| Title | Judith Bean v. Walmart Inc. | | |

empty stackbase is a triable issue of fact, and that a reasonable jury could find that such systemic indifference to known safety hazards constitutes despicable conduct. Id.

Plaintiff also argues that there is sufficient evidence of a triable fact dispute as to whether a managing agent was involved in the incident and ratified the conduct of the employees involved. Id. at 26. Plaintiff argues that a reasonable jury could infer that Ricardo Jimenez exercised substantial independent authority over operations, supervision, and enforcement of safety policies such that he was a managing agent at the time of the incident. Id. at 27. Plaintiff also argues that a reasonable jury could find that Cody Wolfe, Walmart's Market Asset Protection Manager, was a managing agent for Walmart that ratified the practices and/or policies of allowing empty stackbases to persist, of failing to train its employees on the danger of empty stackbases, and of failing to meaningfully investigate safety incidents. Id. at 28.

Finally, plaintiff argues that Walmart's argument that plaintiff's punitive damages claim is null because plaintiff did not personally know the meaning of the term "punitive damages" at her deposition is frivolous. Id. at 30. Plaintiff argues that personal familiarity with legal terminology as a lay person has no bearing on whether punitive damages are legally recoverable. Id.

In reply, Walmart argues that the Court's previous finding in its order on plaintiff's motion for summary judgment that there is a triable issue of fact as to the foreseeability of injury from the partially empty stackbase that plaintiff tripped over does not have any binding effect on the Court in deciding this separate motion. Reply at 2-3. Walmart argues that even if there is a fact question as to whether injury to plaintiff was foreseeable, that dispute is insufficient to defeat Walmart's motion for summary judgment as to plaintiff's claim for punitive damages, because liability also requires finding that Walmart willfully and deliberately failed to avoid the foreseeable consequences. Id. at 3-4. Walmart also disputes plaintiff's contention that Walmart engaged in the type of outrageous conduct that warrants punitive damages. Id. at 4-5.

Walmart disputes plaintiff's contention that Ricardo Jimenez was a managing agent. Id. at 6. Walmart argues that Jimenez was responsible for only one part of one Walmart store and thus could not have the power to determine or modify Walmart's corporate policies. Id. Walmart argues that Jimenez's failure to reprimand or discipline employees for their alleged errors cannot be taken as an adoption or ratification of the employees' conduct because there are many reasons not to reprimand or discipline an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL         'O'

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | April 13, 2026 |
|---|---|---|---|
| Title | Judith Bean v. Walmart Inc. | | |

employee. Id. at 7-8. Walmart argues that Cody Wolfe is also not a managing agent because he did not have the power to determine or modify Walmart's corporate policies for its domestic stores or international stores. Id. at 8. Walmart likewise argues that Wolfe's actions, including his alleged failure to conduct a meaningful investigation, do not constitute an adoption or ratification of the employees' alleged failure to restock the stackbase because there are any number of reasons to not conduct the type of detailed investigation that plaintiff believes was required here. Id.

In its reply, Walmart does not address plaintiff's contention that Walmart raised a frivolous argument that plaintiff's lack of personal knowledge of the meaning of "punitive damages" renders the claim a nullity. See generally Reply.

The Court addresses each of Walmart's arguments in turn.

First, the Court finds that the question of whether Walmart's alleged conduct can support a jury award of punitive damages is a triable issue of fact for the jury to decide. "Determinations related to assessment of punitive damages have traditionally been left to the discretion of the jury." Egan v. Mutual of Omaha Ins. Co., 24 Cal.3d 809, 821 (1979). "Generally, punitive damages may be awarded only when the trier of fact finds, by clear and convincing evidence, that the defendant acted with malice, fraud, or oppression." Pfeifer v. John Crane, Inc., 220 Cal. App. 4th 1270, 1299 (2013), as modified on denial of reh'g (Nov. 27, 2013) (citing Cal. Civ.Code, § 3294(a)). "Conscious disregard for the safety of another may be sufficient" to constitute an act of malice "where the defendant is aware of the probable dangerous consequences of his or her conduct and he or she willfully fails to avoid such consequences." Angie M. v. Superior Ct., 37 Cal. App. 4th 1217, 1228 (1995) (citing Taylor v. Superior Ct., 24 Cal. 3d 890, 895-96 (1979). And "[m]alice may be proved either expressly through direct evidence or by implication through indirect evidence from which the jury draws inferences." Id. (citing Taylor, 24 Cal. 3d at 894). Here, viewing the evidence in plaintiff's favor, the Court finds that a reasonable jury could infer that Walmart was aware of the probable dangerous consequences of not addressing the partially empty stackbase that plaintiff tripped over and that Walmart willfully failed to avoid such consequences. Walmart's contention that its alleged failure to restock a partially empty stackbase for up to one hour does not constitute acting with malice because such conduct is not outrageous, despicable, base, vile, or contemptible, raises a fact issue that is to be decided by a jury. See Judicial Council of California Civil Jury Instructions ("CACI") 3946. Punitive Damages - Entity Defendant (defining "malice" and "oppression").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | April 13, 2026 |
|---|---|---|---|
| Title | Judith Bean v. Walmart Inc. | | |

Second, the Court finds that there is a triable issue as to whether Ricardo Jimenez or Cody Wolfe was a "managing agent" of Walmart. "With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b). The California Supreme Court has held that "the Legislature intended the term 'managing agent' to include only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." White v. Ultramar, Inc., 21 Cal. 4th 563, 566-67 (1999). "In order to demonstrate that an employee is a true managing agent under section 3294, subdivision (b), a plaintiff seeking punitive damages would have to show that the employee exercised substantial discretionary authority over significant aspects of a corporation's business." Id. at 577. Walmart's argument that neither Ricardo Jimenez or Cody Wolfe occupied a position within the corporation to have the authority to set Walmart's corporate policies for *all* of its stores does not preclude a jury from finding either Jimenez or Wolfe to be acting as a managing agent for the purpose of plaintiff's claim for punitive damages. Plaintiff need only show that either of those employees exercised substantial discretionary authority over significant aspects of Walmart's business such that their conduct effectively determined or modified Walmart's corporate policies. See White, 21 Cal. 4th at 577 (because supervision of eight retail stores and 65 employees was a significant aspect of corporation's business, zone manager who supervised those stores and exercised significant discretionary authority affecting company policy at those stores was a managing agent of corporation); but see Cruz v. HomeBase, 83 Cal. App. 4th 160, 168 (2000) (supervisor of a single store of a multi-store chain that was subordinate to the store manager and had authority over only one narrow areas of the store's multifaceted operations was insufficient evidence of a managing agent to sustain punitive damages award).

Here, plaintiff has presented sufficient evidence of Jimenez and Wolfe's job duties, responsibilities, and authority to make a prima facie showing that Jimenez or Wolfe was acting as a managing agent of Walmart with regard to the subject incident, and therefore, there is a triable issue of material fact that precludes summary judgment for Walmart. See Davis v. Kiewit Pac. Co., 220 Cal. App. 4th 358, 370 (2013) ("Although it is generally true . . . that an employee's hierarchy in a corporation is not necessarily determinative of his or her status as a managing agent of a corporation, evidence showing an employee's hierarchy and job duties, responsibilities, and authority may be sufficient,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL          'O'**

| Case No. | 2:24-cv-08871-CAS-RAOx | Date | April 13, 2026 |
|----------|------------------------|------|----------------|
| Title    | Judith Bean v. Walmart Inc. | | |

absent conclusive proof to the contrary, to support a reasonable inference by a trier of fact that the employee is a managing agent of a corporation.").

Finally, the Court agrees with plaintiff that Walmart's third argument is frivolous. The viability of plaintiff's claim for punitive damages does not depend on plaintiff's personal knowledge of any legal terms. Whether plaintiff's counsel breached any ethical obligations by asserting a punitive damages claim on plaintiff's behalf allegedly without her consent is irrelevant to the present motion.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **DENIES** Walmart's motion for partial summary judgment as to plaintiff's claim for punitive damages.

IT IS SO ORDERED.

|  | 00 | : | 14 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |