JS-6    O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JUDITH BEAN, an individual,

Plaintiff,

v.

WALMART INC., a Delaware Corporation, and DOES 1-50, Inclusive,

Defendants.

Case No.: 2:24-cv-08871 CAS (RAOx)

**JUDGMENT**

The trial of this action began on June 2, 2026, in Courtroom 8D of the United States District Court, Central District of California, the Honorable Christina A. Snyder, presiding. Plaintiff Judith Bean was represented by attorneys Antonio K. Kizzie of The Kizzie Firm, APC, Davida M. Frieman of Frieman Law Firm, and Jon Steiner of JSGM Law LLP at trial.

Defendant Walmart Inc. was represented by attorneys Stacey A. Miller and Karren M. Kenney of Tharpe & Howell at trial. A jury of nine persons was regularly empaneled and sworn. Witnesses were sworn and testified. The jury of nine deliberated and thereafter returned a verdict on June 10, 2026, as follows:

We, the jury in the above-entitled action, in accordance with the jury instructions provided to us, answer the questions submitted to us as follows:

**Question No. 1**: Has plaintiff proved by a preponderance of the evidence that Walmart was negligent in the use or maintenance of its store?

  _X_ YES

  ____ NO

If you answered "YES" to Question No. 1, go to Question No. 2.

If you answered "NO" to Question No. 1, stop here, answer no further questions, and have the Presiding Juror sign and date this form.

**Question No. 2**: Has plaintiff proved by a preponderance of the evidence that Walmart Inc.'s negligence was a substantial factor in causing harm to Plaintiff Judith Bean?

  _X_ YES

  ____ NO

If you answered "YES" to Question No. 2, go to Question No. 3.

If you answered "NO" to Question No. 2, stop here, answer no further questions, and have the Presiding Juror sign and date this form.

**Question No. 3**: Has Walmart proved by a preponderance of the evidence that Plaintiff Judith Bean was also negligent?

  _X_ YES

  ____ NO

If you answered "YES" to Question No. 3, go to Question No. 4.

If you answered "NO" to Question No. 3, skip Questions Nos. 4 and 5 and answer Question No. 6.

**Question No. 4**: Has Walmart proved by a preponderance of the evidence that plaintiff Judith Bean's negligence was a substantial factor in causing her harm?

  _X_ YES

  ____ NO

If you answered "YES" to Question No. 4, go to Question No. 5.

If you answered "NO" to Question No. 4, skip Question No. 5 and answer Question No. 6.

**JUDGMENT**

**Question No. 5**: Using 100% to represent the total responsibility for Plaintiff Judith Bean's harm, what percentage of responsibility do you assign to:

Defendant Walmart Inc.:  80%

Plaintiff Judith Bean:  20%

TOTAL: 100%

Please answer Question No. 6.

In answering Question No. 6, do not make any reduction for Plaintiff's percentage of fault, if any. The Court will do that.

**Question No. 6**: What are Plaintiff Judith Bean's total damages?

Past noneconomic damages (including past physical, mental, and emotional pain and suffering, disability, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress):

$ 200,000

Future non-economic damages (including future physical, mental, and emotional pain and suffering, disability, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress):

$ 200,000

Future economic damages (including necessary medical care, treatment, and services, household help, and services other than medical):

$ 200,000

**TOTAL DAMAGES:**

$ 600,000

Please answer Question No.7.

**Question No. 7**: Has plaintiff proved by clear and convincing evidence that Walmart engaged in the conduct with malice, oppression, or fraud?

_____ YES

__X__ NO

- 3 -
**JUDGMENT**

If you answered "YES" to Question No. 7, go to Question No. 8.

If you answered "NO" to Question No. 7, stop here, answer no further questions, and have the Presiding Juror sign and date this form.

**NOW THEREFORE IT IS ORDERED, ADJUDGED, AND DECREED** that final judgment in this action be entered as follows:

Plaintiff JUDITH BEAN shall have and recover from defendant WALMART INC. the sum of $480,000 plus any reasonable costs the Court may award pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and interest from the date of the entry of this judgment at the rate specified in section 1961 of Title 28 of the United States Code. Plaintiff JUDITH BEAN is deemed the prevailing party and may apply to the Court for an award of costs as permitted by Rule 54(d)(1) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: June 24, 2026

_Christine A. Snyder_

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

- 4 -
**JUDGMENT**